[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPT 12, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-16439
Non-Argument Calendar
_____

D. C. Docket No. 04-80652-CV-KLR

LAZHAR ABBES,

Plaintiff-Appellant,

versus

EMBRAER SERVICES, INC.,
d.b.a. Embraer Services Inc.,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(September 12, 2006)**

Before ANDERSON, DUBINA and HULL, Circuit Judges.

PER CURIAM:

Lazhar Abbes, a Canadian and Tunisian citizen, proceeding <u>pro</u> <u>se</u>, appeals

the district court's grant of summary judgment to Embraer Engineering Services, Inc., ("EESI"), in his suit alleging national origin discrimination under Title VII.[1] On appeal, Abbes argues that the district court erred in granting summary judgment for EESI because EESI treated other Brazilian employees more favorably and its given reasons for his termination were a pretext.

We review a district court's grant of summary judgment de novo, applying the same standards utilized by the district court. S.E.C. v. Adler, 137 F.3d 1325, 1332 (11th Cir. 1998). The moving party is entitled to summary judgment if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed.R.Civ.P. 56(c). If the non-moving party bears the ultimate burden of proof regarding the claim at issue in the motion, that party, in response to the motion, must go beyond the pleadings and establish, through competent evidence, that there truly is a genuine, material issue to be tried. Celotex Corp. v. Catrett, 477 U.S. 317, 324, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). Additionally, the non-moving party must present enough evidence to demonstrate that it can meet the substantive evidentiary standards that apply to the case, that is, that a jury could

---

[1] Abbes mistakenly named Embraer Services, Inc., as the defendant. The final judgment notes that the defendant's correct name is Embraer Engineering Services, Inc.

reasonably return a verdict in his favor.  See Anderson v. Liberty Lobby, 477 U.S. 242, 255, 106 S.Ct. 2505, 2514, 91 L.Ed.2d 202 (1986).  We view the evidence and all factual inferences therefrom in the light most favorable to the party opposing the motion, and all reasonable doubts about the facts are resolved in favor of the nonmovant.  Burton v. City of Belle Glade, 178 F.3d 1175, 1187 (11th Cir. 1999).  "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the jury could reasonably find for that party."  Walker v. Darby, 911 F.2d 1573, 1577 (11th Cir. 1990).

A.  National Origin Discrimination

Title VII makes it an unlawful employment practice for an employer to fail or refuse to hire or to discharge any individual, or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin.  See Bass v. Board of County Com'rs, Orange County, Fla., 256 F.3d 1095, 1103 (11th Cir. 2001); see also 42 U.S.C. § 2000e-2(a).

"In order to prove discriminatory treatment in violation of Title VII, a plaintiff must first establish a prima facie case of discrimination."  Coutu v. Martin

3

County Bd. of County Comm'rs, 47 F.3d 1068, 1073 (11th Cir. 1995). We have stressed that courts should avoid a strict formulation of the elements of a prima facie case. See Carter v. City of Miami, 870 F.2d 578, 583 (11th Cir. 1989). Absent direct evidence of discrimination, a plaintiff in a termination case can establish a prima facie case by showing that: (1) he is a member of a protected class; (2) he was subject to an adverse employment action; (3) he was qualified for the position held; (4) and he was replaced or treated less favorably than someone similarly situated outside of his protected class. Knight v. Baptist Hosp. of Miami, Inc., 330 F.3d 1313, 1316 (11th Cir. 2003).

"To show that employees are similarly situated, the plaintiff must show that the employees are similarly situated in all relevant respects . . . it is necessary to consider whether the employees are involved in or accused of the same or similar conduct and are disciplined in different ways." Knight, 330 F.3d at 1316. An employee who committed multiple infractions is not similarly situated to an employee who committed one infraction. Silvera v. Orange County School Bd., 244 F.3d 1253, 1259 (11th Cir.2001).

"A prima facie case of discrimination raises the inference that discriminatory intent motivated the adverse employment action." Coutu, 47 F.3d at 1073. "The employer may rebut this inference by 'clearly articulating in a

4

reasonably specific manner a legitimate non-discriminatory reason' for the adverse action." Id. quoting Conner v. Fort Gordon Bus Co., 761 F.2d 1495, 1499 (11th Cir. 1985). "The heart of the pretext inquiry is not whether the employee agrees with the reasons that the employer gives for the discharge, but whether the employer really was motivated by those reasons." Standard v. A.B.E.L. Servs,, Inc., 161 F.3d 1318, 1333 (11th Cir. 1998). "Once the employer satisfies this burden of production, the plaintiff then has the burden of persuading the court that the proffered reason is a pretext for the true discriminatory reason." Coutu, 47 F.3d at 1073. "If the plaintiff does not proffer sufficient evidence to create a genuine issue of material fact regarding whether each of the defendant employer's articulated reasons is pretextual, the employer is entitled to summary judgment on the plaintiff's claim." Chapman v. AI Transp., 229 F.3d 1012, 1024, 1025 (11th Cir. 2000) (en banc).

Upon review of the record and upon consideration of the parties' briefs, we find no reversible error.

The district court did not err in granting summary judgment for EESI because Abbes did not present a prima facie case of national origin discrimination. EESI concedes that Abbes, a Tunisian, is a member of a protected class and that he was terminated. Further, Abbes was qualified for an engineering position with

5

EESI.

However, Abbes cannot demonstrate that he was replaced upon termination or that EESI treated him less favorably than someone outside of his protected class. Abbes does not allege that EESI replaced him upon termination. Abbes does argue that EESI treated a group of Brazilians more favorably and rewarded them with promotions, despite little experience. This evidence does not show, however, that EESI disciplined employees outside of Abbes's protected class, with similar performance or behavioral issues, differently than it disciplined Abbes.

Abbes also claims that EESI transferred other engineers to the interiors group, but did not fire them despite their incompetence. However, he does not present any evidence of these engineers' incompetence, nor is there evidence that EESI demoted, but did not fire, Brazilians. Because Abbes presents no evidence that EESI treated similarly situated engineers outside of his protected class more favorably than him, Abbes cannot prove a prima facie case of national origin discrimination.

Assuming that Abbes could establish a prima facie case of national origin discrimination, EESI is still entitled to summary judgment because Abbes cannot rebut EESI's legitimate, non-discriminatory purpose for terminating him. EESI asserts that it terminated Abbes because of his constant disagreements with his

supervisors. Abbes does not adduce any facts to prove that this reason was a pretext for EESI's discrimination against him, and he admitted that his supervisors believed in the validity of their criticisms of him. Despite Abbes's assertions that his "performance was perfect," he presented no evidence to create a material dispute of fact that EESI's reasons for terminating him were pretextual. Accordingly, the district court did not err in granting EESI's motion for summary judgment as to Abbes's claims of national origin discrimination.

B. National Origin Harassment

Abbes also argues on appeal that EESI harassed him by creating a "harsh work environment", transferring him to the interiors group, restricting his access to important computer programs, pressuring him to complete work, and maintaining a cold work area.

Title VII of the Civil Rights Act of 1964 prohibits employers from discriminating "against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). A hostile work environment claim under Title VII is established upon proof that "the workplace is permeated with discriminatory intimidation, ridicule, and insult, that is sufficiently

severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." Miller v. Kenworth of Dothan, Inc., 277 F.3d 1269, 1275 (11th Cir. 2002). The employee has the burden of proving a hostile work environment. Edwards v. Wallace Community College, 49 F.3d 1517, 1521 (11th Cir. 1995). To establish a hostile work environment, a plaintiff must demonstrate five things, that: (1) he belongs to a protected group; (2) he has been subjected to unwelcome harassment; (3) the harassment was based on the protected characteristic; (4) the harassment was sufficiently severe or pervasive to alter the terms and conditions of employment and thus create a discriminatorily abusive work environment; and (5) the employer is responsible for that environment under a theory of either direct or vicarious liability. Miller, 277 F.3d at 1275.

Establishing that the harassing conduct was sufficiently severe or pervasive to alter the terms and conditions of employment has subjective and objective components. Mendoza v. Borden, Inc., 195 F.3d 1238, 1246 (11th Cir. 1999) (en banc). The employee must personally perceive the harassment as severe or pervasive. Id. Additionally, the environment must be one that a reasonable person in the employee's position would find hostile or abusive. Id.

Four factors are important in analyzing whether harassment objectively altered an employee's terms or conditions of employment: (1) the frequency of the

conduct; (2) the severity of the conduct; (3) whether the conduct was physically threatening or humiliating, or a mere offensive utterance; and (4) whether the conduct unreasonably interfered with the employee's job performance. Id. We must consider the alleged conduct in context and cumulatively, looking at the totality of the circumstances. Id. at 1242. However, mere utterance of an epithet which engenders offensive feelings in a employee does not sufficiently affect the conditions of employment to implicate Title VII. Harris v. Forklift Systems, Inc., 510 U.S. 17, 21, 114 S.Ct. 367, 371, 126 L.Ed.2d 195 (1993).

After reviewing the record and the parties' briefs, we find no reversible error.

The district court did not err in granting EESI's motion for summary judgment because Abbes cannot prove that any alleged harassment was so severe that it altered the terms and conditions of his employment. Even if the acts Abbes complains of qualified as unwelcome harassment, Abbes presents no evidence that EESI's management took these actions because of his Tunisian background.

Abbes also presented an affidavit which detailed discriminatory statements made by one employee towards another of Lebanese origin. However, there is no evidence that Abbes was privy to this statement so he could not subjectively perceive these statements as hostile. Further, such isolated epithets do not

9

sufficiently affect the conditions of employment to implicate Title VII. Finally, Abbes cannot prove that the alleged incidents altered the terms and conditions of his employment. Therefore, Abbes cannot prove that EESI and its employee's conduct unreasonably interfered with his job performance. As a mere scintilla of evidence is not enough to defeat summary judgment, Abbes cannot show a material dispute of fact in order to defeat summary judgment.

Accordingly, we affirm the district court's grant of summary judgment in favor of EESI.

**AFFIRMED.**